ESTATE OF MARGARET O. GILL, DECEASED, ROBIN G. STANFORD, INDEPENDENT EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 21286–80.     Filed September 9, 1982.

*Dougal C. Pope*, for the petitioner.
*Thomas G. Norman*, for the respondent.

OPINION

WILBUR, *Judge*: Respondent determined a deficiency in petitioner's Federal estate tax of $34,637.57. The sole issue presented for our decision is whether a transfer made in contemplation of death prior to the passage of the Tax Reform Act of 1976 may be taxed under section 2035(a) as it existed prior to decedent's death which occurred after January 1, 1977.

All of the facts have been stipulated. The stipulation of facts

---

and the attached exhibits are incorporated herein by this reference. A brief summary of the salient facts follows.

Margaret O. Gill died on August 29, 1977. Margaret was a resident of Houston, Tex., at the time of her death. Margaret's daughter, Robin G. Stanford, is the independent executrix of Margaret's estate. Robin was a resident of Houston, Tex., when the petition was filed in this case. Robin filed a Federal estate tax return with the Internal Revenue Service Center at Austin, Tex.

On December 8, 1976, Margaret transferred her personal residence to her daughter, Robin. The transfer was without adequate and full consideration in money or money's worth.

Petitioner failed to report this transfer on the Federal estate tax return. Respondent determined that the value of the home should have been included in the gross estate under section 2035(a) as a transfer in contemplation of death. Alternatively, respondent determined that the value of the house should have been included in the gross estate under section 2036 since at the time of its transfer, Margaret retained a life interest in the property. Respondent now concedes that the provisions of section 2036 are not applicable to the facts of this case.

Prior to the passage of the Tax Reform Act of 1976, and specifically on December 8, 1976, section 2035 ("old section 2035") read as follows:

SEC. 2035. TRANSACTIONS IN CONTEMPLATION OF DEATH.

(a) GENERAL RULE.—The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, in contemplation of his death.

(b) APPLICATION OF GENERAL RULE.—If the decedent within a period of 3 years ending with the date of his death (except in case of a bona fide sale for an adequate and full consideration in money or money's worth) transferred an interest in property, relinquished a power, or exercised or released a general power of appointment, such transfer, relinquishment, exercise, or release shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this section and sections 2038 and 2041 (relating to revocable transfers and powers of appointment); but no such transfer, relinquishment, exercise, or release made before such 3-year period shall be treated as having been made in contemplation of death.

Section 2035 was amended by section 2001(a)(5) of the Tax Reform Act of 1976, Pub. L. 94–455, 90 Stat. 1520, 1846 ("new

section 2035(a)"), to eliminate the "contemplation of death" concept and replace it with a simple 3-year rule:

SEC. 2035. ADJUSTMENTS FOR GIFTS MADE WITHIN 3 YEARS OF DECEDENT'S DEATH.

(a) INCLUSION OF GIFTS MADE BY DECEDENT.—Except as provided in subsection (b), the value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, during the 3-year period ending on the date of the decedent's death.

(b) EXCEPTIONS.—Subsection (a) shall not apply to:

(1) any bona fide sale for an adequate and full consideration in money or money's worth, and

(2) any gift excludable in computing taxable gifts by reason of section 2503(b) (relating to $3,000 annual exclusion for purposes of the gift tax) determined without regard to section 2513(a).

(c) INCLUSION OF GIFT TAX ON CERTAIN GIFTS MADE DURING 3 YEARS BEFORE DECEDENT'S DEATH.—The amount of the gross estate (determined without regard to this subsection) shall be increased by the amount of any tax paid under chapter 12 by the decedent or his estate on any gift made by the decedent or his spouse after December 31, 1976, and during the 3-year period ending on the date of the decedent's death.[1]

As we understand their positions, the parties agree that new section 2035 is inapplicable. Furthermore, the parties have stipulated that the transfer of Margaret's personal residence to her daughter on December 8, 1976, was a gift made in contemplation of death. Petitioner relies entirely on her contention that the old section 2035(a) does not apply to the estates of decedents dying after January 1, 1977.

Congress provided that new section 2035 "shall apply to the

---

[1]Sec. 424 of the Economic Recovery Tax Act of 1981, 95 Stat. 172, added sec. 2035(d), which partially repeals this provision:

SEC. 2035(d). DECEDENTS DYING AFTER 1981.—

(1) IN GENERAL.—Except as otherwise provided in this subsection, subsection (a) shall not apply to the estate of a decedent dying after December 31, 1981.

(2) EXCEPTIONS FOR CERTAIN TRANSFERS.—Paragraph (1) shall not apply to a transfer of an interest in property which is included in the value of the gross estate under section 2036, 2037, 2038, 2041, or 2042 or would have been included under any of such sections if such interest had been retained by the decedent.

(3) 3-YEAR RULE RETAINED FOR CERTAIN PURPOSES.—Paragraph (1) shall not apply for purposes of—

(A) section 303(b) (relating to distributions in redemption of stock to pay death taxes),

(B) section 2032A (relating to special valuation of certain farm, etc., real property),

(C) section 6166 (relating to extension of time for payment of estate tax where estate consists largely of interest in closely held business), and

(D) subchapter C of chapter 64 (relating to lien for taxes).

estates of decedents dying after December 31, 1976; except that [new sec. 2035] * * * shall not apply to transfers made before January 1, 1977." Tax Reform Act of 1976, Pub. L. 94–455, sec. 2001(d)(1), 90 Stat. 1520, 1854. From this language it is clear that the parties are correct in their assumption that the new section 2035(a) is inapplicable herein since the transfer in question was made prior to January 1, 1977.

Broadly speaking, it is petitioner's position that section 2035(a) does not provide for the inclusion of gifts made prior to 1977 in the gross estate of decedents who died on January 1, 1977, or thereafter. She argues that new section 2035(a) does not apply to transfers made prior to January 1, 1977, and that old section 2035(a) cannot apply to a decedent dying after January 1, 1977, because it was repealed and replaced by the new section 2035(a). Petitioner concludes that "the plain wording of the law and the intent of Congress is that if a decedent made a gift prior to January 1, 1977, regardless of [his or her] motive, that gift or transfer is not includable in the decedent's estate if the decedent died on or after January 1, 1977."

We disagree. We do not believe that Congress intended by the amendment of section 2035(a) to leave a hiatus in coverage, exempting transfers made in contemplation of death prior to the passage of the Tax Reform Act of 1976 where the donor died after January 1, 1977. Nor do we believe Congress did so. For a section is amended only in accordance with the effective-date provisions prescribed by Congress. As noted, Congress specifically made the newly amended section 2035 inapplicable to transfers prior to January 1, 1977, leaving the old law intact as to these transfers. An amendment eliminates the amended material only to the extent specified by Congress, and what it has specified in this instance is clear.[2]

In her quest for a technical loophole, petitioner has over-

---

[2]In this connection, we note the following explanation of the effective date provisions:

"In general, the amendments apply to the estates of decedents dying after December 31, 1976, and to gifts made after December 31, 1976. However, the amendments relating to the estate tax treatment of transfers made within three years of a decedent's death do not apply to transfers made before January 1, 1977. *The contemplation of death rules under prior law will apply to gifts made before January 1, 1977, where the decedent dies after December 31, 1976, and the transfer is made within 3 years of death.* [General Explanation of the Tax Reform Act of 1976, Joint Comm. on Taxation, 94th Cong., 2d Sess. (1976), 1976–3 C.B. (Vol. 2) 1, 542. Emphasis supplied.]"

looked the obvious. New legislation can only amend or replace old legislation to the extent that the legislators authorize the new bill to take effect. Since the new legislation by its own terms specifically never became effective as to transfers prior to January 1, 1977, the old section 2035(a) was never amended or repealed as to such transfers and therefore continues in effect as to them. Cf. *Frost v. Wenie*, 157 U.S. 46, 58 (1895).[3] Accordingly, we hold for respondent.

*Decision will be entered under Rule 155.*

---

[3]Petitioner also points out in her reply brief that the legislative history of the new sec. 2035(a) contains the statement: "This provision applies to gifts made after December 31, 1976." S. Rept. 94–1236 (1976), 1976–3 C.B. (Vol. 3) 807, 958. Petitioner believes this makes it "crystal clear" that gifts made prior to Dec. 31, 1976, are not to be included in the estates of persons dying after Jan. 1, 1977. Respondent's position on all of this is explained in Rev. Rul. 79–212, 1979–2 C.B. 325. For all of the reasons set forth above, as well as the fact that "the provision" mentioned in the quotation refers to the new sec. 2035(a) which the parties agree is inapplicable, we agree with respondent on this point.